UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Xerox Corporation,

                                  Plaintiff,                      Case # 20-CV-7060-FPG

v.

                                                                    DECISION AND ORDER

Instituto de Educacion y Tecnologia, Inc.,

                                  Defendant.
_____

        In May 2019, Plaintiff Xerox Corporation filed this action against Defendant Instituto de Educacion y Tecnologia, Inc. in the District of Puerto Rico. ECF No. 1. In October 2019, Defendant filed a motion to dismiss in which it argued, *inter alia*, that New York was the proper forum for the dispute. ECF No. 8. The district court granted Defendant's motion insofar as it "transfer[red] venue pursuant to 28 U.S.C. 1404(a) to [the] district court in New York." ECF No. 11. The Court set an answer deadline of January 11, 2021. ECF No. 20. Defendant did not file an answer. On February 3, 2021, the Clerk of Court filed an entry of default. ECF No. 22. On March 19, 2021, Plaintiff moved for default judgment for a sum certain, and the Clerk of Court entered judgment on April 9, 2021. ECF Nos. 23, 24. Three days later, the Court received an unsigned motion from "Liz M. Muriente," who is purportedly acting on behalf of Defendant. ECF No. 25. Muriente asks the Court to set aside the default judgment, stating that Defendant's counsel is not admitted to this district and cannot represent it, and arguing for several reasons that it should be allowed to obtain new counsel and litigate this action. ECF No. 25 at 1-4; ECF No. 28 at 1. Muriente's motion is DENIED WITHOUT PREJUDICE.

        "In the federal courts, parties may plead and conduct their own cases personally or by counsel." *Berrios v. N.Y.C. Housing Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) (internal quotation

marks omitted). The governing statute, 28 U.S.C. § 1654, "authorizes only two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself." *Id.* (internal quotation marks omitted). Therefore, "unlicensed laymen" are not permitted to "represent anyone else other than themselves." *Id.* Similarly, because it "is an artificial entity that can only act through agents," a corporation "cannot proceed *pro se*." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983). "[A] corporation . . . can only be represented by an attorney, and cannot simply be represented by a *pro se* officer, director, or member." *Sloley v. LeBow*, No. 17-CV-68, 2018 WL 6717279, at *1 (N.D.N.Y. Oct. 29, 2018).

In this case, Muriente is attempting to act on behalf of Defendant to obtain relief from the Court. The motion does not disclose what Muriente's relationship to Defendant is, but it does not appear that Muriente is an attorney licensed to appear in this Court. *See* ECF No. 25 at 3. Consequently, Muriente may not represent Defendant and may not seek relief on Defendant's behalf. *See, e.g.*, *Morales v. Tsunami Pools, Inc.*, No. 18-CV-5831, 2020 WL 2542239, at *2 (E.D.N.Y. May 18, 2020). As a result, the Court will not address the merits of the issues raised in Muriente's motion and reply papers. ECF Nos. 25, 28. Muriente's motion is DENIED WITHOUT PREJUDICE. To the extent Defendant wishes to pursue this action, it would need to obtain an attorney to represent it. Once it does so, Defendant is free to move for relief.

IT IS SO ORDERED.

Dated: September 13, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
District Judge
United States District Court